IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| RAYMOND WATTS, | : | MOTION TO VACATE |
| BOP No. 62552-019, | : | 28 U.S.C. § 2255 |
|    Movant pro se, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 4:14-CV-197-RLV-WEJ |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 4:11-CR-9-RLV-WEJ |

## FINAL REPORT AND RECOMMENDATION

Federal inmate Raymond Watts has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(4) [44]. For the following reasons, the undersigned **RECOMMENDS** that Mr. Watts's § 2255 Motion be **DENIED**.

In July 2011, Mr. Watts entered a non-negotiated guilty plea [29-1] to an Indictment [11] charging him with engaging in certain activities relating to material involving the sexual exploitation of minors, in violation of 18 U.S.C. §§ 2256(2) and 2252(a) and (b). In November 2011, the Honorable Robert L. Vining, Jr. sentenced Mr. Watts to an 87-month term of imprisonment and 20 years of supervised release. (See J. & Commitment [33].) Mr. Watts did not file a direct appeal.

In June 2014, Mr. Watts filed a "Motion to Reduce Sentence and Modify Conditions of Release Pursuant to Rule 60(b)(2) Newly Discovered Evidence" [42]. In his Rule 60(b) Motion, Mr. Watts complained about "a glaring difference in both

AO 72A
(Rev.8/82)

length of sentence and time of supervised release between Petitioner's case and others here at this facility." (Id. at 1.) Judge Vining dismissed Mr. Watts's Rule 60(b) Motion for lack of subject matter jurisdiction [43]. Mr. Watts did not appeal. Rather, Mr. Watts filed the § 2255 Motion now pending before the Court, in which he again complains about "a serious disparity" in his sentence as compared to an allegedly similarly-situated federal inmate. (Mot. 2.)

Mr. Watts's § 2255 Motion should be denied for two reasons. First, Mr. Watts's § 2255 Motion is time-barred. Although Mr. Watts asserts that he only recently "discovered" that another federal inmate is serving a lesser sentence for an allegedly similar crime, through the exercise of due diligence he could have learned at the time that he was sentenced that many other federal defendants have received lesser (or greater) sentences for violations of 28 U.S.C. §§ 2252 & 2256. Indeed, it is the nature of federal sentencing that defendants charged under the same statute will receive individualized sentences that are tailored to their specific offense behavior and offender characteristics. See generally 18 U.S.C. § 3553; United States Sentencing Guidelines §1.A1.3. Thus, Mr. Watts does not qualify for an extended filing deadline pursuant to 28 U.S.C. § 2255(f)(4). Rather, his § 2255 Motion was due within a year of the date on which his conviction and sentence became final, see 28 U.S.C. § 2255(f)(1), a deadline that passed long ago.

2

Second, Mr. Watts's claim is procedurally-barred. "A defendant generally must advance an available challenge to a . . . sentence on direct appeal or else the defendant is barred from presenting the claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Challenges to the procedural and substantive reasonableness of a sentence should be raised on direct appeal. See, e.g., Gall v. United States, 552 U.S. 38 (2007); Rita v. United States, 551 U.S. 338 (2007). Mr. Watts did not challenge the procedural or substantive reasonableness of his sentence on direct appeal, and he has thus procedurally defaulted such claims.

Accordingly, the undersigned **RECOMMENDS** that Mr. Watts's § 2255 Motion be **DENIED** because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings" that Mr. Watts "is not entitled to relief." 28 U.S.C. foll. § 2255, Rule 4.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter,

3

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted).  Mr. Watts has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable.

The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED**, this 19th day of August, 2014.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE