# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

RAYMOND WATTS,

v.

CRIMINAL ACTION FILE NO.: 4:11-CR-09-01-HLM-WEJ

CIVIL ACTION FILE NO.: 4:14-CV-0197-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [44], on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [45], and on Petitioner's Objections to the Final Report and Recommendation [49].

## I. Standard of Review

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make

a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

AO 72A
(Rev.8/8
2)

## II. Discussion

In July 2011, Petitioner entered a non-negotiated guilty plea (Docket Entry No. 29-1) to an indictment (Docket Entry No. 11) that charged Petitioner with engaging in certain activities relating to material involving sexual exploitation of minors, in violation of 18 U.S.C. §§ 2256(2) and 2252(a) and (b). In November 2011, Senior United States District Court Judge Robert L. Vining, Jr. sentenced Petitioner to eighty-seven months of imprisonment, to be followed by twenty years of supervised release. (Docket Entry No. 33.) Petitioner did not file a direct appeal. (See generally Docket.)

In June 2014, Petitioner filed a "Motion to Reduce Sentence and Modify Conditions of Release Pursuant to Rule 60(b)(2) Newly Discovered Evidence." (Docket Entry No. 42.) In his Rule 60(b) Motion, Petitioner complained about "a glaring difference in both length of sentence and time of supervised release between Petitioner's case and others here at this facility." (Id. at 1.) On July 8, 2014, Judge Vining dismissed Petitioner's Rule 60(b) Motion for

3

lack of subject matter jurisdiction. (Order of July 8, 2014 (Docket Entry No. 43).) Petitioner did not appeal from that decision. (See generally Docket.)

On August 4, 2014, the Clerk received Petitioner's § 2255 Motion. (Docket Entry No. 44.) On August 19, 2014, Judge Johnson issued his Final Report and Recommendation. (Docket Entry No. 45.) Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion because it is time-barred and is procedurally barred. (Id. at 2-3.)

The Court extended the time period for Petitioner to file Objections to the Final Report and Recommendation through and including thirty days after September 2, 2014. (Order of Sept. 2, 2014 (Docket Entry No. 48).) On September 24, 2014, the Clerk received Petitioner's Objections. (Docket Entry No. 49.) The Court finds that no response from the Government to the Objections is necessary. The Court consequently concludes that the matter is ripe for resolution.

4

The Court has reviewed Petitioner's Objections, the Final Report and Recommendation, and the record in this case. The Court finds that nothing in Petitioner's Objections warrants rejecting the Final Report and Recommendation. (See generally Objections (Docket Entry No. 49).) Specifically, nothing in Petitioner's Objections explains why Petitioner's § 2255 Motion is not time-barred or procedurally barred. The Court finds that Judge Johnson correctly determined that the one-year limitations period bars Petitioner's § 2255 Motion, and that Judge Johnson properly concluded that Petitioner's claim concerning the reasonableness of his sentence was procedurally defaulted. (Final Report & Recommendation (Docket Entry No. 45) at 2-3.)[1] Under those circumstances, Petitioner cannot obtain relief under § 2255.

---

[1] To the extent that Petitioner complains in his Objections that his counsel failed to file an appeal, that failure does not excuse Petitioner's failure to file his § 2255 Motion in a timely fashion. (See generally Objections.) Specifically, Petitioner's § 2255 Motion would still be time-barred even if it included a claim that Petitioner's counsel failed to file an appeal.

5

For the reasons discussed above, the Court finds that Judge Johnson correctly evaluated Petitioner's § 2255 Motion. The Court therefore adopts the Final Report and Recommendation, overrules Petitioner's Objections, and denies Petitioner's § 2255 Motion. Further, the Court agrees with Judge Johnson that Petitioner is not entitled to a certificate of appealability (Final Report & Recommendation at 3-4), and the Court declines to issue one.

## III. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [45], **OVERRULES** Petitioner's Objections to the Final Report and Recommendation [49], and **DENIES** Petitioner's § 2255 Motion [44]. The Court **DECLINES** to issue a certificate of appealability. Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with Petitioner's § 2255 Motion: Civil Action

6

AO 72A
(Rev.8/8
2)

File No. 4:14-CV-197-HLM-WEJ.

IT IS SO ORDERED, this the 25 day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE

7